

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2005

# Pardue v. Gray

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2784

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Pardue v. Gray" (2005). *2005 Decisions*. Paper 958.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/958

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2784
_____

JANE ELLEN PARDUE, Appellant
v.
JAMES GRAY, LYNNE SYMONS;
THE BOROUGH OF DALTON
v.
LACKAWANNA TRAIL SCHOOL DISTRICT
Third Party
Jane Ellen Pardue,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:CV-01-0843)

United States Magistrate Judge: The Honorable Thomas M. Blewitt
_____

Submitted Under Third Circuit LAR 34.1(a)
May 10, 2005
_____

Before: SLOVITER and FISHER, <u>Circuit</u> <u>Judges</u>.
and POLLAK,[*] <u>District</u> <u>Judge</u>.

(Filed    June 27, 2005)

_____

[*]Honorable Louis H. Pollak, District Judge for the United States District Court of
the Eastern District of Pennsylvania, sitting by designation.

1

_____

OPINION

_____

POLLAK, District Judge:

This is an appeal from an order of the United States District Court for the Middle District of Pennsylvania granting summary judgment for defendants James Gray, Lynne Symons, and the Borough of Dalton. Appellant Jane Ellen Pardue initiated the present action in the District Court on May 11, 2001, alleging malicious prosecution and conspiracy to violate her civil rights pursuant to § 1983 as well as Pennsylvania common law claims of malicious prosecution and conspiracy. For the reasons stated below, we will affirm.

I.

Since we write primarily for the parties, we will limit our discussion to the procedural history and pertinent facts. Pardue was employed as a school teacher for the Lackawanna Trail School District from 1973 through 1997. Defendant Symons worked as a secretary for the school district and, over the years, the two women developed a close friendship. Eventually, Pardue learned that Symons and James Evans, the principal of the school where Pardue taught, were involved in an extra-marital affair. After initially overlooking the affair, on March 8, 1997, Pardue informed Symons and Evans that she would no longer conceal their relationship.

2

On March 24, 1997, Symons met with Chief of Police James Gray at his home and informed him that she was being stalked and harassed by Pardue. Symons told Gray that since the beginning of that month, Pardue had repeatedly driven up and down the street in front of her house, had followed her in her car, and had photographed her with Evans.[2] At that meeting, Symons also provided Gray with a set of notes she had taken which documented Pardue's behavior since the beginning of March. *See* App. at 428. Symons was subsequently interviewed by Detective James Reilly of the Lackawanna County District Attorney's Office.

On the basis of these interviews, Gray and Reilly filed and signed an Affidavit of Probable Cause. The resultant criminal complaint was also signed by both men and approved by the District Attorney's Office. On April 1, 1997, Gray arrested Pardue on charges of harassing Symons and stalking her. Neither Gray nor Reilly interviewed Pardue prior to arresting her. At a preliminary hearing, a state magistrate found that the prosecution had established a prima facie case and bound the charges over for trial in the Lackawanna County Court of Common Pleas. Following a three-day jury trial in May 1999, Pardue was acquitted of both charges. When arrested and charged, Pardue was suspended without pay from her teaching position at Lackawanna Trail School. Following acquittal, she was reinstated but has not received back pay.

---

[2]After photographing the two of them, Pardue drove to Evans's house and disclosed the affair to his wife.

In the present action, Pardue alleges that Symons filed stalking and harassment charges to intimidate her and keep her from revealing the affair and that Gray pursued the charges even though he knew they were false. On May 27, 2004, Magistrate Judge Thomas M. Blewitt, who was assigned to handle the case in its entirety, granted summary judgment for the defendants. Pardue now appeals from that order, contending that the Magistrate Judge erred in finding that no genuine issue of material fact existed regarding (1) whether Gray had probable cause to arrest her; and (2) whether Gray and Symons formed a conspiracy to violate her civil rights.

## II.

The District Court had jurisdiction over Pardue's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a) and over her state law claims pursuant to 28 U.S.C. § 1367(a). This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a grant of summary judgment is plenary. *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 566 (3d. Cir. 2002). Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *See* F.R.C.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

## III.

### A. Probable Cause to Arrest Pardue

In order to prevail on a §1983 malicious prosecution claim, the plaintiff must show

an absence of probable cause for initiating the criminal proceedings. In general, "the question of probable cause in a section 1983 damage suit is one for the jury." *Montgomery v. De Simone*, 159 F.3d 120, 124 (3d. Cir. 1998). However, a district court may conclude that probable cause exists as a matter of law, and hence grant summary judgment, if the evidence, when viewed in the light most favorable to the plaintiff, reasonably would not support a contrary factual finding. *Sherwood v. Mulvihill,* 113 F.3d 396, 401 (3d.Cir. 1997).

On appeal, Pardue challenges, on two principal grounds, the Magistrate Judge's determination that "a reasonable jury could not find that the arrest of the Plaintiff lacked probable cause." First, Pardue argues that the Magistrate Judge improperly relied on a series of common law presumptions regarding the existence of probable cause which, in plaintiff's view, have no bearing on a § 1983 malicious prosecution claim. Second, Pardue contends that Gray did not conduct an independent investigation into Symons' allegations, including interviewing Pardue, prior to preparing the affidavit and arresting her.

Probable cause is assessed by examining the "totality of the circumstances" and adopting a "common sense" approach. *Illinois v. Gates*, 462 U.S. 213 (1983). It is well established that probable cause exists where "facts and circumstances [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d. Cir. 1997). In concluding that

probable cause existed as a matter of law, the Magistrate Judge noted that: (1) "Detective Reilly of the District Attorney's Office co-investigated the charges which were filed against the Plaintiff [and] co-signed [both] the affidavit of probable cause and the criminal complaint;" (2) the District Attorney's Office approved the criminal complaint;[3] and (3) at a preliminary hearing, a magistrate found a prima facie case existed to bind over the charges for trial.

In *Montgomery v. De Simone*, 159 F.3d 120 (3d. Cir. 1998),[4] this court held that the Torts Restatement rule that a conviction "by a magistrate or trial court," even if overturned, "conclusively establishes the existence of probable cause" does not apply to a § 1983 malicious prosecution action. Restatement (Second) of Torts § 667(1). Further, in *Merkle v. Upper Dublin Sch. Dist.*, we held that "the common law presumption raised by a magistrate's prior finding that probable cause exists does not apply to section 1983 actions." 211 F.3d 782, 789 (3d. Cir. 2000). Pardue argues that, in light of *Montgomery* and *Merkle*, the District Attorney's approval of the charges and the magistrate's decision

---

[3]The Magistrate Judge cited *Williams v. Fedor*, 69 F. Supp. 2d 649, 670 (M.D. Pa. 1999), for the proposition that, "Under Pennsylvania law, . . . 'criminal proceedings initiated upon advice of counsel are conclusively presumed to be supported by probable cause when the advice of counsel was sought in good faith and the advice was given after full disclosure of the facts to the attorney.'" (quoting *Kelley v. General Teamsters, Chauffeurs & Helpers, Local Union 249*, 544 A.2d 940, 942 (1988)).

[4]I*n Montgomery*, a municipal court judge had found the plaintiff guilty of speeding, drunk driving, and refusing to take a breathalyser test. Montgomery appealed her conviction to the Superior Court of New Jersey. Following a trial *de novo,* the Superior Court reversed her convictions.

to bind the charges over for trial are irrelevant to deciding whether Gray had probable cause to arrest her. *Montgomery* and *Merkle* stand for the proposition that the common law presumptions may not be relied on as "conclusive" evidence of probable cause that would "necessarily negate" a contrary finding. *Montgomery*, 159 F.3d at 122. In the case at bar, however, the Magistrate Judge did not rely on the presumptions in this way. Judge Blewitt cited the independent findings of the District Attorney and magistrate as evidence that supported, rather than compelled, a finding of probable cause.

Even without reference to the common law presumptions, Gray had probable cause to arrest Pardue. "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d. Cir. 1995). At the time he arrested Pardue, Gray had received a report from Symons, a known and credible witness, that Pardue had engaged in the alleged behavior; Symons was visibly upset recounting Pardue's conduct (*see* Dist. Ct. Op. at 24); Symons presented Gray with contemporaneous notes documenting the conduct (*see* App. at 428); and, as Gray testified, Gray knew Pardue had a history of similar behavior. *See* Dist. Ct. Op. at 24; App. at 315-17. *See also Merkle,* 211 F.3d at 790, n. 8 (finding that police officer "had every reason to believe a credible report from a school principal who witnessed the alleged crime. This report alone sufficiently established probable cause. [The police officer] was not required to

7

undertake an exhaustive investigation in order to validate the probable cause that, in his mind, already existed.").  Even accepting, as the Magistrate Judge did, that "Gray did not fully investigate the facts underlying the charges against the Plaintiff," (Dist. Ct. Op. at 22) it is apparent that, as the Magistrate Judge determined, Gray had, as a matter of law, probable cause to arrest Pardue.

**B. Conspiracy to Violate Pardue's Civil Rights**

Pardue next claims that the Magistrate Judge erred in holding that, as a matter of law, Symons and Gray did not conspire to deprive her of her civil rights. This portion of the appeal also lacks merit. A cause of action for civil conspiracy requires a separate underlying tort as a predicate for liability. "Thus, one cannot sue a group of defendants for conspiring to engage in conduct that would not be actionable against an individual defendant." *In re Orthopedic Bone Screw Products Liability Lit.*, 193 F.3d 781, 789 (3d. Cir. 1999). Because we agree with the Magistrate Judge's determination that defendant Gray had probable cause to arrest and charge Pardue, and is not, therefore, liable for the underlying tort of malicious prosecution, the conspiracy claim cannot be sustained. Furthermore, to establish the existence of a conspiracy under § 1983 a plaintiff must show that two or more conspirators reached an agreement to deprive her of a constitutional right under color of state law, *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d. Cir. 1993), *abrogated on other grounds, United Artists Theatre Circuit, Inc. v. Township of Warrington,* 316 F.3d 392 (3d Cir. 2003), and this Pardue failed to do. The

8

Magistrate Judge found that there was "insufficient evidence, either direct or circumstantial, to show an agreement existed between Symons and Gray to violate any of the Plaintiff's constitutional rights." Dist. Ct. Op. at 11. We agree. Pardue presented no evidence that Gray and Symons agreed to file false charges. There is no evidence that Symons provided false information to Gray or that he, in turn, knowingly used such information to support the charges. Although the affidavit of probable cause did contain inaccuracies, there is no evidence that Symons knew of those inaccuracies at the time the affidavit was filed.[5] Furthermore, Gray did not act unilaterally. Detective Reilly participated in interviewing Symons, drafting the affidavit, and filing the charges, and the Lackawanna County District Attorney's Office approved the charges, presented the case at a preliminary hearing, and prosecuted Pardue. However, Pardue does not allege that Reilly, or any others in the District Attorney's Office, participated in the conspiracy. Viewing the evidence in the light most favorable to Pardue, she failed to present sufficient evidence of an agreement between Symons and Gray for a reasonable jury to find that they had conspired to violate her civil rights.

IV.

Accordingly, the judgment of the District Court will be affirmed.

---

[5] In fact, at the preliminary hearing, Symons testified that she disagreed with portions of the affidavit.