NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2117
_____

GRACE LAPHAN,
                    Appellant



v.


WILLIAM HAINES SGT.; MICHAEL LANGDALE SGT.;
DAVID MONTELLA CHIEF; GEORGE MOORE, OFFICER;
JOHN BURGY; UPPER PROVIDENCE TOWNSHIP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-14-cv-04063)
Honorable Anita B. Brody, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
February 7, 2017

BEFORE:  MCKEE, COWEN, and FUENTES, Circuit Judges

(Opinion Filed: June 8, 2017)
_____

OPINION*
_____


COWEN, Circuit Judge.

_____

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7

does not constitute binding precedent.

Plaintiff Grace Laphan appeals from the order of the United States District Court for the Eastern District of Pennsylvania granting the motion for summary judgment filed by Defendants Sergeant William Haines, Sergeant Michael Langdale, Chief David Montella, and Upper Providence Township ("Township Defendants"). We will affirm.[1]

I.

Laphan brought suit against Upper Providence Township and a number of police officers (as well as John Burgy) for alleged violations of her civil rights under federal and Pennsylvania law. Laphan's claims arose out of her arrest, pursuant to an arrest warrant issued by Pennsylvania Magisterial District Judge Lippincott, and prosecution on state charges of theft by unlawful taking or disposition, receiving stolen property, and unauthorized use of an automobile. See Pa. Cons. Stat. Ann. §§ 3921(a), 3925(a), 3928(a). Specifically, Laphan was arrested and prosecuted for removing—and retaining—a 1966 Ford Mustang owned by her estranged boyfriend, Burgy, as well as a

---

[1] Judge Fuentes reads Laphan's deposition testimony, RR124-25, as presenting an issue of fact as to whether Laphan in fact refused to return the vehicle to Defendant Burgy as a form of collateral, or if she instead was merely preparing the house for sale by removing the vehicles and did not intend to withhold the vehicles from Defendant Burgy as a form of collateral in violation of the June Order. Compare RR124 ("Q. Just in terms of that one sentence there, it says, 'Sergeant Haines informed Grace Laphan that she had no right to hold Burgy's vehicle as collateral and she was again warned of those legal ramifications.' Did that discussion occur? A. I don't recall in those words. Q. Well, what's your recollection of the words he used? A. That he didn't know what was going on. He wasn't sure. Q. Did he suggest to you at the time that you could be arrested? A. To me,…he told me to safeguard the vehicles, and you know, that's what I was doing. I was following the court order and I was safeguarding the vehicle . . . .") with RR124-25 ("Q. It says 'Grace Laphan again refused to return the vehicle upon request.' Do you remember telling him at that point that you were not going to return the vehicles? A. Yes."). Given this material issue of fact before the District Court on summary judgment, Judge Fuentes would reverse the District Court's dismissal of this action.

2

Ford F-350 truck (owned by a friend's company and used for parts) from a house jointly owned by Laphan and Burgy.

Township Defendants moved for summary judgment, and the District Court granted their motion.[2] See Laphan v. Haines, CIVIL ACTION No. 14-4063, 2016 WL 627246 (E.D. Pa. Feb. 17, 2016).

II.

To prevail on claims for false arrest and malicious prosecution, a plaintiff must show an absence of probable cause.[3] See, e.g., McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009); Dowling v. City of Philadelphia, 855 F.2d 136, 142 (3d Cir. 1988); Kelley v. General Teamsters, Chauffeurs & Helpers, Local Union 249, 544 A.2d 940, 941 (Pa. 1988). In a suit for damages, the existence of probable cause is generally a question for the jury to resolve, but a district court may conclude that probable cause exists as a matter of law if the evidence, viewed in the light most favorable to the plaintiff, would not reasonably support a contrary finding. See, e.g., Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788-89 (3d Cir. 2000). The District Court observed that "[t]he crux of the parties' dispute over the existence of probable cause, or the lack

---

[2] Laphan named another police officer (George Moore) as a defendant, but she agreed to dismiss her claims against this individual. After the District Court disposed of the Township Defendants' summary judgment motion, a stipulation of dismissal was entered as to Burgy.

[3] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. This Court has appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review with respect to a grant of summary judgment. See, e.g., Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

thereof, is the [June 20, 2012 order entered by the Pennsylvania Court of Common Pleas of Delaware County in connection with litigation between Laphan and Burgy regarding the ownership and disposition of the house]." Laphan, 2016 WL 627246, at *4. In this case, Laphan claims that the District Court erred by resolving a genuine issue of material fact arising out of her deposition testimony and by finding that the omission of this June Order from the affidavit of probable cause was not material to the probable cause determination. See, e.g., Reedy v. Evanson, 615 F.3d 197, 213 (3d Cir. 2010) (stating that court must insert recklessly omitted facts and then decide if corrected affidavit would establish probable cause).

Viewing the facts in the light most favorable to Laphan, we determine that there clearly was probable cause to arrest and prosecute Laphan. We agree with the District Court that the June Order, at most, allowed Laphan to have the vehicles removed from the premises:

> There is nothing in the June Order that permitted Laphan to do what she told Sergeant Haines she intended—i.e., to withhold the vehicles from Burgy until he turned over certain property and the insurance proceeds check. See [RR123-RR125, RR212-RR213]. While the June Order did instruct Burgy to endorse and turn over the insurance proceeds check to Laphan within ten days, it did not give her any right to use his property as collateral to ensure compliance.

Laphan, 2016 WL 627246, at *4 (footnote omitted). At her deposition, Laphan was asked the following question about Sergeant Haines's report:

> [Q.] It says, "Complainant John Burgy contacted 7701 and requested police department contact Grace and have his property returned. Contacted Grace who stated she is safeguarding his property and would like her property returned along with the $35,000 check that was issued by the

4

insurance company."  Now do you remember having that discussion with Sergeant Haines?

A.  Yeah.

(RR123.)  While Laphan contends that she did not expressly state that she was holding the vehicles until she received the check, the following exchange dispels any reasonable doubt that she told the police officer that she retained the vehicles as a form of collateral:

> Q.  It says, "Grace Laphan informed Sergeant Haines that she was safeguarding the vehicle – vehicles," excuse me, "until John Burgy returned her property and an insurance company check in the amount of $35,000." Do you remember having that discussion with Sergeant Haines?
>
> A.  Yes.

(RR124.)  According to Laphan, "[w]hile Appellant states, 'yes' at one point on page 63 [of the deposition] acknowledging the statement from [the] affidavit of probable cause that 'she was safeguarding the vehicles. . . . until John Burgy returned her property and an insurance company check,' she does not adopt the statement as her own and merely acknowledges a conversation between herself and Sergeant Haines occurred about the topic."  (Appellant's Brief at 22 (quoting RR124).)  However, it is obvious that, when she said yes, she thereby agreed that the following "discussion" took place with the sergeant—she "informed" the police officer that she was safeguarding the vehicles until Burgy returned her property and gave her the check.[4]

---

[4] According to Laphan, the District Court improperly determined that the omission from the affidavit of probable cause of a conversation with an assistant district attorney was not material to a probable cause finding.  However, she does not argue that the prosecutor, even if he was confused by the June Order, believed that it allowed Laphan herself to treat the vehicles as collateral.

In addition, an unimpeached hold-over proceeding, although not conclusive, constitutes evidence of probable cause. See, e.g., Pardue v. Gray, 136 F. App'x 529, 532-33 (3d Cir. 2005); Cosmas v. Bloomingdales Bros., Inc., 660 A.2d 83, 87 (Pa. Super. Ct. 1995). As the District Court noted, Judge Lippincott (the judge who issued the arrest warrant) conducted a preliminary hearing on the charges against Laphan. Although the June Order was addressed at this hearing, Judge Lippincott still bound Laphan over for trial. Laphan was subsequently found not guilty after a bench trial before Delaware County Common Pleas Judge Capuzzi (who stated, inter alia, that "[i]t is beyond the understanding of this Court as to why, on or about July 17, 2012 an arrest warrant, which was approved by an ADA, was issued for the Defendant" when Laphan was actually acting within the scope of the June Order (RR28 n.1)). However, Laphan's acquittal was not relevant to the probable cause determination because the standard for probable cause is significantly lower than the standard for a conviction.[5] See, e.g., Halsey v. Pfeiffer, 750 F.3d 273, 299 (3d Cir. 2014).

## III.

For the foregoing reasons, we will affirm the order of the District Court.

---

[5] In addition to upholding the District Court's disposition of this matter, we also agree with its apt conclusion (shared by the two state judges) that, as a matter of prosecutorial discretion, the charges should never have been pursued in the first place. "Although their actions were legal, it is nevertheless regrettable that the DA's Office chose to file criminal charges against Laphan rather than seeking resolution of this domestic dispute through more amicable means." Laphan, 2016 WL 627246, at *7 n.11.